UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81041-CIV-DIMITROULEAS/Snow

TARA WHYTE *et al.*

    Plaintiffs,

vs.

ALSTON MANAGEMENT, INC. *et al.*,

    Defendants.

_____/

### ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST MATTHEW 25 MINISTRIES, INC.

THIS CAUSE is before the Court upon Plaintiffs' Motion for Summary Judgment [DE 81] filed against Defendant Matthew 25 Ministries, Inc. ("Matthew 25 Ministries") on September 16, 2011.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.  The Court notes that Plaintiffs Valbert Eccleston and Charlise Mack have not joined in this motion due to factual issues regarding their claims against Matthew 25 Ministries.[1]  *See* [DE 81 at 1 n.1].

Defendant Matthew 25 Ministries has not filed a response to the Plaintiffs' Motion for Summary Judgment. The Court issued an Order to Show Cause [DE 86] on October 11, 2011, requiring Matthew 25 Ministries to show cause why this Court should not grant the motion for summary judgment by default.  Defendant failed to respond to that Order and has failed to respond to the Motion for Summary Judgment. Nevertheless, the Court will consider the merits of the motion. *See United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Fla.*, 363

---

[1] For convenience, the Court will use the shorthand term "Plaintiffs" in this Order to refer to all Plaintiffs except Eccleston and Mack.

F.3d 1099, 1101 (11th Cir. 2004) (holding that courts should not grant summary judgment, even if a party defaults, without considering the merits of the motion).

## I. SUMMARY JUDGMENT STANDARD

In a summary judgment motion, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has come forward to meet the initial burden of showing that there is no genuine issue of material fact to be decided by trial, the burden shifts to the nonmoving party to demonstrate that there is a material issue of fact at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). The party opposing a motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings, but rather must go beyond the pleadings to show specific facts demonstrating that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Under Southern District of Florida Local Rule 7.5(d), if the nonmoving party fails to controvert the factual allegations contained in the moving party's statement of material facts, then those statements are deemed admitted so long as supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. Similarly, Federal Rule of Civil Procedure 56(e) states that if a party fails to address an assertion of fact, then the court may deem that matter undisputed for the purpose of the motion for summary judgment.

## II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs move for summary judgment against Matthew 25 Ministries for violating three provisions of the Fair Housing Act, 42 U.S.C. § 3604(a), (b), and (c). These subsections protect

individuals from certain forms of discrimination on the basis of "familial status," which is defined as having one or more children under 18 years of age living with a parent or legal guardian. *See* 42 U.S.C. § 3602(k)(1). After setting forth the relevant facts, the Court will address Plaintiffs' claims.

A.   Factual Background

Matthew 25 Ministries leased all of the units at Pelican Lake Village apartment complex on December 1, 2008. [DE 84-5]. It intended to sublease these units to sex offenders, but could not do so while a school bus stop was located at the property. [R. Witherow Dep., DE 84-26 at 70:7-15, 76:13-77:1]. Matthew 25 Ministries attempted to have the school district move the bus stop, but was unsuccessful. *Id.* at 109:1-11. Matthew 25 Ministries then stated that it was "necessary for [it] to relocate the 25 families with children" in Pelican Lake Village to solve the school bus problem. [DE 84-2]. Two Matthew 25 Ministries employees, Jan Tenbarge and Nyoka Edwards, spoke to families with children at Pelican Lake Village about moving. *See* [J. Tenbarge Dep., DE 84-23 at 91:7-10]; [N. Edwards Dep., DE 84-13 at 92:3-8]. They approached tenants with children on multiple occasions and asked whether and when those families would be moving. *See* [J. Tenbarge Dep., DE 84-23 at 63:10-13, 68:8-13, 91:2-10]; [N. Edwards Dep., DE 84-13 at 92:3-8]. They also told some tenants that they would have to move because of their children. *E.g.* [M. McWilliams Dep., DE 84-16 at 16:7-10 ("She told me to call ... because I have to find somewhere to live.")].These employees were acting within the scope of their duties. *See* [DE 82 at 3 ¶ 20 (citing [J. Tenbarge Dep., DE 84-23 at 26:5-12; N. Edwards Dep., DE 84-13 at 14:5-12)].

Depositions and other documents on file with the court support Plaintiffs' assertions that employees of Matthew 25 Ministries visited the households of Plaintiffs Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, Latoria Kelly, Albert Spencer, and Mildred Chery. They told these families that they would have to move because they had children. These families moved at least in part due to these visits and statements.  *See* [T. Whyte Dep., DE 84-25 at 39:3-24]; [S. Campbell Dep., DE 84-10 at 34:2-23]; [M. McWilliams Dep., DE 84-16 at 15:2-21]; [L. Kelly Dep., DE 84-14 at 32:11-33:24]; [M. Chery Dep., DE 84-12 at 9:15-19, 51:16-24]. Plaintiff Fair Housing Center of the Greater Palm Beaches ("Fair Housing Center") also was injured by these visits because it diverted its resources to assist victims of Matthew 25 Ministries' housing discrimination, investigated Matthew 25 Ministries' conduct, and attempted to counteract the impact of Matthew 25 Ministries' discrimination. *See* [DE 82 at 8 ¶¶ 47, 49-50]; [V. Larkins Aff., DE 84-3 ¶¶ 13-15]; *Cent. Ala. Fair Hous. Ctr., Inc.* v. *Lowder Realty Co.,* 236 F.3d 629, 642 (11th Cir. 2000) ("When a fair housing organization expends resources as a proximate result of the defendant's discriminatory conduct, and those resources would have been devoted to other activities consonant with its mission were it not for the offending conduct, it suffers injury independent of that suffered by individuals in the affected housing market."). The evidence does not support, however, Plaintiffs' assertion that the employees visited Gloria Rolle and Leonard Rolle, thus summary judgment cannot be granted in Mr. and Mrs. Rolle's favor because there is no evidence on file with the court that Matthew 25 Ministries violated 42 U.S.C. § 3604 as to them.

B.   Violations of 42 U.S.C. § 3604

*1.   § 3604(a): Making Housing Unavailable Due to Familial Status*

Plaintiffs argue that Matthew 25 Ministries violated 42 U.S.C. § 3604(a) by making dwellings unavailable to the tenants of Pelican Lake Village on the basis of familial status. Section 3604(a) states that it is unlawful "to refuse to sell or rent, ... or otherwise make unavailable or deny, a dwelling to any person because of ... familial status." The threat of eviction is covered by this subsection. *See* 42 U.S.C. § 3602(i)(2) (defining an "aggrieved person" under the Fair Housing Act to include an individual that believes he or she "will be injured by a discriminatory housing practice that is about to occur"); 24 C.F.R. § 100.60(b)(5) (stating that an eviction would violate § 3604(a)); *cf. Wells v. Willow Lake Estates, Inc.*, 390 F. App'x 956, 959 (11th Cir. 2010) (unpublished) (finding that the threat of eviction was sufficient to confer standing for suit over a violation of a related subsection, § 3604(b)); *Cousins v. Bray*, 297 F. Supp. 2d 1027, 1038 (S.D. Ohio 2003) (granting preliminary injunction for alleged violation of § 3604(a) due to threatened eviction). If a lessor's agents or employees violate the Fair Housing Act, that violation is imputed to the lessor. *See, e.g., Meyer v. Holley*, 537 U.S. 280, 282, 291 (2003).

Plaintiffs have produced evidence that Matthew 25 Ministries' employees threatened to evict some, but not all, of the Plaintiffs. They told the households of Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams*,* and Mildred Chery that they must move because of their children. *See* [T. Whyte Dep., DE 84-25 at 37:17-23]; [S. Campbell Dep., DE 84-10 at 34:2-23]; [M. McWilliams Dep., DE 84-16 at 15:13-16]; [M. Chery Dep., DE 84-12 at 9:15-19, 51:16-24]. Plaintiffs have failed, however, to

establish that the household of Latoria Kelly and Albert Spencer was told to leave. The portion of their deposition on record suggests that Matthew 25 Ministries' employees merely asked Kelly and Spencer if they would be willing to move, and when they would be able to do so. [L. Kelly Dep., DE 84-14 at 32:11-33:24].  At the summary judgment stage, a court makes all inferences of fact in favor of the nonmoving party.  *See Matsushita*, 475 U.S. at 587. Because the Court is unwilling to infer a threat to evict by these questions, the Court finds that summary judgment for Latoria Kelly and Albert Spencer on the basis of § 3604(a) is inappropriate.

Nevertheless, Plaintiffs have shown that there is no genuine issue of material fact that Matthew 25 Ministries' employees threatened to evict Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams*,* and Mildred Chery due to their familial status. Their threats violated 42 U.S.C. § 3604(a). The Fair Housing Center was also injured by these threats due to the resources it diverted to ameliorate this discrimination. Because Matthew 25 Ministries' employees were acting within the scope of their duties, Matthew 25 Ministries is liable for the violation, and these Plaintiffs are entitled to summary judgment as a matter of law under § 3604(a).

2.      *§3604(b): Discrimination in Terms, Conditions, or Privileges of Rental*

Plaintiffs also allege that Matthew 25 Ministries violated 42 U.S.C. § 3604(b).  That subsection prohibits discrimination in the "terms, conditions, or privileges of ... rental ... because of familial status." Section 3604(b) covers threatened evictions.  *See Wells*, 390 F. App'x at 959; *Woodard v. Fanboy, L.L.C.*, 298 F.3d 1261, 1263-65 (11th Cir. 2002) (finding a violation of § 3604(b) for an eviction). As discussed in the preceding section, Plaintiffs have shown that there is no genuine issue of material fact that Matthew 25 employees threatened to evict the

households of Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, and Mildred Chery due to their familial status. The Fair Housing Center was also injured by these threats because it diverted resources as a result of this discrimination. These Plaintiffs are entitled to summary judgment as a matter of law for Matthew 25 Ministries' violation of § 3604(b). As above, Latoria Kelly and Albert Spencer are not entitled to summary judgment under § 3604(b) because there is no evidence Matthew 25 Ministries' employees threatened to evict them.

3.   *§ 3604(c): Unlawful Statements and Notices Made Indicating Preference, Limitation, or Discrimination Due to Familial Status*

Finally, Plaintiffs argue that they are entitled to summary judgment for Matthew 25 Ministries' violation of § 3604(c).  Under § 3604(c), it is unlawful to "make, print, or publish, or cause to be made, printed, or published any notice [or] statement with respect to the ... rental of a dwelling that indicates any preference, limitation, or discrimination based on ... familial status, or an intention to make any such preference, limitation, or discrimination." Matthew 25 Ministries' employees told residents that they had to move because of their children and these employees also conducted a survey to see whether and when residents with children would move. The statements Matthew 25 Ministries' employees made indicated that Matthew 25 Ministries had a preference for families without children, or was discriminating against families with children. Matthew 25 Ministries made discriminatory statements against Plaintiffs Tara Whyte,  Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, and Mildred Chery by threatening these families with eviction due to their familial status. The Fair Housing Center was also injured by these threats because it diverted resources as

a result of this discrimination. These Plaintiffs are entitled to summary judgment as a matter of law for a violation of § 3604(c).

Unlike their § 3604(a)-(b) claims, Latoria Kelly and Albert Spencer are entitled to summary judgment against Matthew 25 Ministries under § 3604(c). Section 3604(c)'s language is broader than § 3604(a)-(b) because § 3604(c) makes it unlawful to make any statement that so much as indicates a preference, limitation, or discrimination or an intent to do so. For that reason, though the Court found that the questions Matthew 25 Ministries' employees asked Latoria Kelly and Albert Spencer's household were not threats of eviction, their questions were statements indicating a preference for families without children or discrimination against families with children. Thus, Latoria Kelly and Albert Spencer can show as a matter of law that Matthew 25 Ministries violated § 3604(c) through the statements of its employees and that they are entitled to judgment as a matter of law.

### III.  CONCLUSION

Plaintiffs Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, Mildred Chery, and the Fair Housing Center of the Greater Palm Beaches have shown that there is no genuine dispute of material fact that Matthew 25 Ministries, through its agents, violated 42 U.S.C. § 3604(a)-(b) by threatening to evict residents of Pelican Lake Village due to their familial status, and they are entitled judgment as a matter of law.  Plaintiffs Latoria Kelly and Albert Spencer, in addition to the Plaintiffs named in the preceding sentence, have shown that Matthew 25 Ministries, through its agents, also violated 42 U.S.C. § 3604(c) by making statements indicating a preference for families without children,

or discrimination against families with children, and thus are entitled to judgment as a matter of law as well.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Summary Judgment [DE 81] against Defendant Matthew 25 Ministries, Inc. is **GRANTED in part:**

    a. Plaintiffs Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, Mildred Chery, and the Fair Housing Center of the Greater Palm Beaches, Inc. are entitled to summary judgment against Matthew 25 Ministries, Inc. for violations of 42 U.S.C. § 3604(a)-(b).

    b. Plaintiffs Tara Whyte, Hattie Walker, Shirley Jenkins Campbell, Tyrone Campbell, Miretha McWilliams, Stanley McWilliams, Mildred Chery, Latoria Kelly, Albert Spencer, and the Fair Housing Center of the Greater Palm Beaches, Inc. are entitled to summary judgment against Matthew 25 Ministries, Inc. for its violation of 42 U.S.C. § 3604(c).

2. Plaintiffs' Motion for Summary Judgment [DE 81] against Defendant Matthew 25 Ministries, Inc. is **DENIED in part:**

    a. The portion of Plaintiffs Latoria Kelly and Albert Spencer's motion for summary judgment against Matthew 25 Ministries, Inc. for violations of 42 U.S.C. § 3604(a)-(b) is denied.

      b.      Plaintiffs Gloria Rolle and Leonard Rolle's motion for summary judgment against Matthew 25 Ministries, Inc. for violations of 42 U.S.C. § 3604(a)-(c) is denied.

3.      Because Plaintiffs Valbert Eccleston and Charlise Mack did not join in this motion, they have not received a summary judgment against Matthew 25 Ministries, Inc. through this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of November, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record