UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81041-CIV-DIMITROULEAS/SNOW

TARA WHYTE *et al.*

    Plaintiffs,

vs.

ALSTON MANAGEMENT, INC. *et al.*,

    Defendants.

_____/

## JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 1

## CONSIDERATION OF THE EVIDENCE
## DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company. In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## JURY INSTRUCTION NO. 2

### CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 3

## IMPEACHMENT OF WITNESSES
## INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## JURY INSTRUCTION NO. 4

### EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## JURY INSTRUCTION NO. 5

### BURDEN OF PROOF

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## JURY INSTRUCTION NO. 6

## THE FEDERAL STATUTES DEFINING THE CLAIMS

I shall now instruct you on the specific federal law relating to housing discrimination on the basis of familial status. The individual Plaintiffs and Fair Housing Center are suing Defendants under the Fair Housing Act.

The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market. The Fair Housing Act provides, in relevant part, that it shall be unlawful:

>    (1)   To make unavailable or deny a dwelling to any person because of familial status;
>
>    (2)   To discriminate against any person in the provision of services or facilities because of familial status;
>
>    (3)   To make, print, or publish, or cause to be made, printed, or published any notice, or statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status or an intention to make any such preference, limitation, or discrimination.

Each of these acts is a separate and independent violation of the Fair Housing Act.

> "Familial status" means one or more individuals (who have not attained the age of 18 years) being domiciled with—
> (1) a parent or another person having legal custody of such individual or individuals; or
> (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.

The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

## JURY INSTRUCTION NO. 7

You must find in favor of Plaintiffs on their claims that Defendants (1) made unavailable or denied a dwelling to Plaintiffs because of familial status and/or (2) discriminated against Plaintiffs in the provision of services or facilities in connection with the rental of housing because of familial status if you find that Plaintiffs have established:

(1) that the fact Plaintiffs had children in their households was a motivating factor in Defendants' actions that made housing unavailable to Plaintiffs, or

(2) that the fact Plaintiffs had children in their households was a motivating factor in Defendants' imposing different terms or conditions on Plaintiffs.

The fact that Plaintiffs had children in their households does not need to be the sole factor, or even the main factor, for Defendants' actions.

# JURY INSTRUCTION NO. 8

It is a separate violation of the federal Fair Housing Act to make, or cause to be made, any statement with respect to the rental of housing that indicates any preference, limitation, or discrimination based on familial status, or any statement that indicates an intention to make such preference, limitation, or discrimination.

You are to determine how an ordinary listener would have interpreted the statements, not what the Defendant meant by the statements. If you find that an ordinary listener would interpret a statement or statements made by the Defendant to express any preference, limitation, or discrimination based on familial status, you must find that the Defendant violated the Fair Housing Act.

The Fair Housing Act prohibits discriminatory statements whether or not the Defendant intended to express a preference or limitation on the basis of familial status. In addition, the statement or statements do not have to be discriminatory on their face in order to express a preference, limitation, or discrimination based on familial status.

## JURY INSTRUCTION NO. 9

You must find Defendants Alston Management, Inc., and/or Big Lake Villages, Inc., liable for the acts of discrimination by their employees and/or agents. If you find Defendants Mona Miller or Calvin Alston liable for violating the Fair Housing Act, you must then find Defendants Alston Management, Inc. and Big Lake Villages, Inc. liable to those Plaintiffs for violating the Fair Housing Act.

You must find Defendant Calvin Alston liable for violating the Fair Housing Act if he participated in the discriminatory acts. Alternately, if you find that Defendant Mona Miller was Defendant Calvin Alston's agent in his individual capacity, and not simply an agent of a corporation Defendant Calvin Alston owned or was the officer of, and that Defendant Calvin Alston directed, encouraged, or ratified the discriminatory acts of his agent, Defendant Mona Miller, then Defendant Calvin Alston is also liable.

You must also find Defendant Calvin Alston liable for Defendant Mona Miller's violations of the Fair Housing Act if you find that Defendant Calvin Alston had the power to control Defendant Mona Miller's activities, that he consented to have Defendant Mona Miller act on his behalf individually in addition to or instead of Alston Management or Big Lake Village's behalf, and that Defendant Mona Miller consented to act on Defendant Calvin Alston's behalf individually in addition to or instead of Alston Management or Big Lake Village's behalf.

## JURY INSTRUCTION NO. 10

## PLAINTIFF FAIR HOUSING CENTER
## OF THE GREATER PALM BEACHES, INC.

One of the Plaintiffs in this case is a non-profit membership organization, the Fair Housing Center of the Greater Palm Beaches, Inc. Such an organization is permitted to bring suit under the Fair Housing Act on its own behalf for injury to its ability to carry out its efforts to assure equal access to housing and to eliminate unlawful housing discrimination.

# JURY INSTRUCTION NO. 11

## COMPENSATORY DAMAGES—FAIR HOUSING CENTER OF THE GREATER PALM BEACHES, INC.

For Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you must determine an amount that is fair compensation for its damages caused by the acts of Defendants Alston Management, Big Lake Villages, Mona Miller, Matthew 25, and Miracle Park. In addition, if you find that Defendant Calvin Alston also violated Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc.'s rights under the Fair Housing Act, then you must determine an amount that is fair compensation for its damages caused by the acts of Defendant Calvin Alston as well.

In awarding damages to Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you should award such actual or compensatory damages as you find from a preponderance of the evidence were proximately caused by the acts of the Defendants. In determining such damages, you shall consider that Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., is entitled to be compensated for:

1. the effect of diverting its resources away from its other programs and activities in order to investigate the Defendants' unlawful conduct; and

2. the damage to its mission and purpose.

In determining the amount to award Plaintiff Fair Housing Center of the Greater Palm Beaches, Inc., you may consider the amount necessary to counteract Defendants' wrongdoing.

# JURY INSTRUCTION NO. 12

## COMPENSATORY DAMAGES – INDIVIDUAL PLAINTIFFS

For Plaintiffs Tara Whyte, Hattie Walker, Stanley McWilliams, Miretha McWilliams, Tyronne Campbell, Shirley Campbell, Leonard Rolle, Gloria Rolle, Albert Spencer, and Latoria Kelly, you must determine an amount that is fair compensation for their damages caused by the acts of Defendants Alston Management, Big Lake Villages, Mona Miller, Matthew 25, and Miracle Park. In addition, if you find that Defendant Calvin Alston violated these Plaintiffs' rights under the Fair Housing Act, then you must determine an amount that is fair compensation for each of these Plaintiffs' damages caused by the acts of Defendant Calvin Alston as well.

For Plaintiffs Mildred Chery, Valbert Eccleston, and Charlise Mack you must determine an amount that is fair compensation for their damages caused by the acts of Defendant Matthew 25 and Miracle Park. In addition, if you find that Defendants Alston Management, Big Lake Villages, Mona Miller, and/or Calvin Alston also violated these Plaintiffs' rights under the Fair Housing Act, you must determine an amount that is fair compensation for their damages caused by the acts of those Defendants as well.

The amounts that are fair compensation for Plaintiffs' damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that the Plaintiffs have suffered.

Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injuries. For the claims Plaintiffs prevail on, they are entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that they have suffered because of Defendants' conduct that forms the basis for those claims. You

may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the Defendants' wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs have actually suffered or that the Plaintiffs are reasonably likely to suffer in the future.

When awarding compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the Plaintiffs whole, or to restore them to the positions they would have been in if the discrimination had not happened.

You should consider the following elements of damages, to the extent you find that the Plaintiffs have established such damages:

(1) financial losses;
(2) pain, suffering, and physical and emotional distress; and
(3) embarrassment, humiliation, and loss of reputation.

Some of these damages are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the Plaintiffs for their injuries.

In addition, if you find that one or more Defendants unlawfully discriminated against Plaintiffs, then they have been deprived of valuable federally protected civil rights of being free from unlawful discrimination. The loss of a federally protected civil right is considered so valuable that at least nominal damages may be presumed. You may award damages for each Plaintiff's loss of federally protected rights even if you find that a Plaintiff has not otherwise proven any other compensable losses. While the precise value of such rights is hard to quantify, you may provide an amount of damages that you believe is appropriate to compensate for any deprivation of that right found from the evidence.

## JURY INSTRUCTION NO. 13

## PUNITIVE DAMAGES

Plaintiffs also claim that the acts of the Defendants were done with malice or reckless indifference to the Plaintiffs' rights under the Fair Housing Act so as to entitle Plaintiffs to an award of punitive damages in addition to compensatory damages. If you find that a Defendant did act with malice or reckless indifference to a Plaintiff's rights under the Fair Housing Act, the law would allow you, in your discretion, to assess punitive damages to that Plaintiff and against that Defendant as punishment and as a deterrent to others.

You may assess punitive damages to a Plaintiff and against Big Lake Villages, Inc., Alston Management, Inc., Matthew 25 Ministries, Inc., or Miracle Park, Inc., if you find that one of their employees discriminated against the Plaintiff with malice or reckless indifference to the Plaintiff's rights and (1) that the discriminating employee was high up in the corporate hierarchy or (2) that the managers of the corporation countenanced or approved of the employee's behavior.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiffs in the case and for only that conduct. For example, you cannot assess punitive damages for a Defendant being a distasteful individual or business.

If you find that punitive damages should be assessed against any Defendant, you may consider the financial resources of that Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or in favor

of one or more of the Plaintiffs, and not others, or against more than one Defendant in different amounts or in favor of one or more of the Plaintiffs in different amounts.

## JURY INSTRUCTION NO. 14

### DUTY TO DELIBERATE

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# JURY INSTRUCTION NO. 15

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORMS

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.