UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81041-CIV-DIMITROULEAS/SNOW

TARA WHYTE *et al.*

    Plaintiffs,

vs.

ALSTON MANAGEMENT, INC. *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT

THIS CAUSE is before the Court on Plaintiffs' Motion for Entry of Final Judgment [DE 168], filed on February 22, 2012. The Court has carefully considered the Motion, the Defendants' Response in Opposition [DE 171], Intervenor Scottsdale Insurance Company's Response in Opposition [DE 170], and the Plaintiffs' Reply [DE 174], and is otherwise fully advised in the premises.

On February 7, 2012, the jury returned verdicts in favor of Plaintiffs on all remaining questions of liability and awarded compensatory and punitive damages to the Plaintiffs. [DE 153-166].[1] Plaintiffs now ask the Court to enter final judgment. They also ask the Court to hold the Defendants jointly and severally liable for the jury's award of compensatory damages.

Plaintiffs argue that federal law determines the availability of joint and several liability under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. Plaintiffs cite *Miller v. Apartments*

---

[1] The Court previously granted Plaintiffs' Motions for Summary Judgment as to liability against many of the Defendants. [DE 88-89].

*& Homes of New Jersey, Inc.*, 646 F.2d 101, 108 (3d Cir. 1981), in which the court held based on 42 U.S.C. § 1988 and a survey of cases across the nation that contribution amongst defendants in FHA cases was determined by federal law. The Court agrees with the reasoning in *Miller* that contribution in FHA cases would be determined by applying federal law. By extension, the Court finds that joint and several liability, a concept related to contribution,[2] would also apply as governed by federal law. The Court is not alone in finding that under federal law, joint and several liability can apply in FHA cases. *See S. Cal. Hous. Rights Ctr. v. Krug*, 564 F. Supp. 2d 1138, 1150 (C.D. Cal. 2007) (applying joint and several liability); *Davis v. Lane Mgmt., Inc.*, 524 F. Supp. 2d 1375, 1377 (S.D. Fla. 2007) (same); *Davis v. Mansards*, 597 F. Supp. 334, 344 (N.D. Ind. 1984) (same); *Hobson v. George Humphreys, Inc.*, 563 F. Supp. 344, 353 (W.D. Tenn. 1982) (same).

Because joint and several liability is available in this case, the next issue is whether there should be joint and several liability between the Defendants. The parties have raised at least three potential ways for joint and several liability to attach in this case: (1) through concerted action, (2) under vicarious liability due to an agency relationship, or (3) due to independent actions that cause an indivisible harm. Because the Court finds the third method dispositive, it will not address the applicability of the other methods.

Under federal common law, "[i]t is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly

---

[2] "Contribution" is a concept related to joint and several liability. When multiple tortfeasors "become liable in tort to the same person for the same harm," they have a right to seek contribution for the amount paid in discharging the victim's claim that exceeds that tortfeasor's equitable share. Restatement (Second) of Torts § 886A (1979).

and severally liable for the entire injury." *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (citing Restatement (Second) of Torts, §§ 875, 879; *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 & n. 8 (1979)).  Defendants Calvin D. Alston, Mona L. Miller, Alston Management, Inc., and Big Lake Villages, Inc. (the "Alston Defendants") recognized this standard in their opposition to the present motion.  *See* [DE 171 at 2].  Intervenor Scottsdale Insurance Company ("Scottsdale"), on the other hand, insists that the Plaintiffs must show that the tortfeasors were working in concert or were liable under a vicarious liability theory. The Court agrees with the Plaintiffs and the Alston Defendants that independent actions causing indivisible harm is sufficient under federal law to yield joint and several liability.

Applying the indivisible injury rule in this case leads to the conclusion that joint and several liability among the Defendants is appropriate. In this case, the jury found that each Defendant was liable for violations of the Fair Housing Act.  They also found that the Alston Defendants and Defendants Matthew 25 Ministries and Miracle Park (the "Matthew 25 Ministries Defendants") were equally responsible for the injury Plaintiffs suffered.  Though perhaps acting independently, the Defendants' actions caused indivisible emotional harm to the Plaintiffs. For example, it would be impossible to distinguish the damage Defendant Mona Miller's eviction notice caused versus the damage from repeated visits from the Defendant Matthew 25 Ministries' agents who pressed the families with children to leave.  Because the Defendants' actions caused indivisible injury, joint and several liability is proper in this case.

In reaching this conclusion, the Court rejects the arguments advanced by the Alston Defendants and Scottsdale.  Scottsdale argues that because the jury found the Alston Defendants and the Matthew 25 Ministries Defendants 50 percent responsible each, the jury implicitly found

that the two groups of defendants should not be jointly and severally liable.  The Court disagrees.  A jury may find parties equally responsible, yet joint and several liability can still be appropriate.  *See Oakley v. United States*, 622 F.2d 447, 448-49 (9th Cir. 1980) (finding joint and several liability appropriate when the defendants caused an indivisible harm, even though the jury had assigned 50 percent liability to each defendant).

Next, the Alston Defendants argue that Plaintiffs waived their argument that Big Lake Villages could be vicariously liable for the Matthew 25 Ministries Defendants' actions, because the Plaintiffs did not pose the vicarious liability question to the jury on a special verdict form.  For the same reason, the Alston Defendants also assert that Plaintiffs waived the argument that the other Alston Defendants should bear joint and several liability for the Matthew 25 Ministries Defendants' actions.  Both of these arguments are premised on the idea that the Alston Defendants can only be jointly and severally liable with the Matthew 25 Ministries Defendants if there was an agency relationship between the parties or vicarious liability due to a nondelegable duty.  As the Court has found, joint and several liability in this case is established by independent actions causing indivisible harm, so the existence of an agency relationship or a nondelegable duty is legally unnecessary for joint and several liability.

Finally, Scottsdale argues that the Court should be guided by *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661 (D. Md. 1998).  In *Rommel Builders*, the court noted that joint and several liability was inappropriate for defendants who had committed no wrongdoing.  The result the Court reaches in the present case does not conflict with *Rommel Builders'* statement of the law.  In *Rommel Builders*, there were potentially innocent parties who did not discriminate.  In the present case, however, the jury found all parties liable for

wrongdoing under the FHA.  *Rommel Builders* does not persuade the Court to change its opinion that joint and several liability is appropriate in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Entry of Final Judgment [DE 168] is **GRANTED**;

2. The Court shall separately enter judgment pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of April, 2012.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record